## THE PEOPLE *v.* JOHN FITZPATRICK.

On the trial of an indictment for a personal injury by the husband on his wife, the prosecution cannot be compelled to call the prosecutrix as a witness; But as the wife is a competent witness for the prosecution, she may be called as a witness in behalf of her husband, where the prosecution fails or neglects to call her.

THE defendant was indicted for an assault and battery upon his wife, Sarah Fitzpatrick, with intent to kill her. The evidence showed that the defendant and his wife resided in Lydius street, in the city of Albany; and that on the night of the fourth of July, 1857, after considerable altercation and contention, the defendant was seen, by persons standing on the street, to seize his wife and throw her from the third story window of their residence, from whence she fell on the sidewalk, receiving several terrible wounds. The defendant con-

tended that his wife was intoxicated at the time, and that she voluntarily threw herself out of the window. No one was present in the room when the transaction took place, except the prisoner and his wife.

The prosecution having called a large number of witnesses as to the transaction, rested, without calling Sarah Fitzpatrick, the wife of the prisoner, who was in the court and in the full possession of her senses.

*L. D. Holstein,* for the defendant, thereupon moved the court for an order compelling the prosecution to call Sarah Fitzpatrick as a witness, thus enabling the defendant to avail himself of the benefit of a cross-examination, and cited in support of the motion, the case of *Regina* v. *Holden* (8 *Carrington & Payne,* 606 ; 34 *English Com. Law Reports,* 917). The counsel for the defendant also contended, that in case such order was refused, the defendant was entitled to the benefit of his wife's testimony, and to call her as a witness on his behalf, on the ground that she was a competent witness against her husband and therefore a competent witness in his favor. In support of this proposition the counsel cited *The State* v. *Neil* (6 *Alabama Reports,* 685).

*S. G. Courtney* (District Attorney), for the people.

HARRIS, J. It is true that in England, where private counsel conduct the prosecution of criminal trials, there are cases to be found in which the crown has been compelled to call witnesses whose names appeared on the back of the indictment, or who were shown to have been present at the commission of the offense charged. But in this country no such rule prevails. Here the prosecution is conducted by sworn officers of the State, and the courts will not interfere in their management of the cases presented, upon the presumption that no wrong will be perpetrated by a public officer. We therefore deny the motion of the counsel for the prisoner, to compel the District Attorney to call Mrs. Fitzpatrick as a witness.

We have fully considered the other branch of the proposition and the authority cited by the prisoner's counsel, and find

(·)

that the case in Alabama Reports is well grounded upon principle. · We, therefore, decide that the wife of the prisoner is a competent witness for her husband, and may be called on . his behalf.

*Sarah Fitzpatrick* was then called as a witness for her husband, and testified on his behalf.

Court of Appeals. Albany, December, 1859. *Johnson, Comstock, Selden, Denio, Strong, Allen, Gray and Grover,* Judges.